IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

DAVID M. WILLIAMS,

  Petitioner,

v.

DANA METZGER, Warden, and
ATTORNEY GENERAL OF THE STATE
OF DELAWARE,

  Respondents.

Civ. A. No. 18-922-CFC

---

David M. Williams. *Pro se* Petitioner.

---

**MEMORANDUM OPINION**[1]

January 3, 2019
Wilmington, Delaware

---

[1] This case was originally assigned to the Honorable Gregory M. Sleet, and was re-assigned to the undersigned's docket on September 20, 2018.

CONNOLLY, UNITED STATES DISTRICT JUDGE:

Pending before the Court is Petitioner David M. Williams' Petition for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2254 ( "Petition"). (D.I. 3) For the reasons discussed, the Court will summarily dismiss the Petition.

## I. BACKGROUND

In October 1998, a Delaware state grand jury returned a superseding indictment (consolidating three indictments) charging Petitioner David M. Williams ("Petitioner") with fourteen offenses. *See State v. Williams*, 2000 WL 33726917, at *1 (Del. Super. Ct. Jul. 14, 2000). Four of the counts stemmed from Petitioner's arrest on March 25, 1998 for attempting to burglarize a residence in Wilmington, Delaware: two counts of attempted second degree burglary, one count of possession of burglar's tools, and one count of criminal mischief. On June 24, 1999, the Superior Court severed those four charges from the remaining charges, and a two-day jury trial ensued. However, the jury was unable to reach an unanimous verdict, and Petitioner was retried in August 1999. Petitioner represented himself during the second trial, and the court appointed stand-by counsel. The jury convicted Petitioner on all four offenses. *Id*.

In October 1999, Petitioner pled guilty to three of the remaining charges contained in the superseding indictment: forgery in the second degree, attempted escape in the third degree, and possession of a deadly weapon by a person prohibited. *See Williams v. State*, 856 A.2d 1067 (Table), 2004 WL 1874693, at *1 (Del. Aug. 13, 2004). The State dismissed the remaining charges. The Superior Court declared Petitioner a habitual offender and sentenced him, on all convictions, to a total of 32 years and 30 days incarceration, suspended after 25 years for decreasing levels of

supervision. Petitioner appealed his convictions and sentences, and the Delaware Supreme Court affirmed the Superior Court's judgment. *Id.*

Petitioner filed his first § 2254 petition in 2001, which the Honorable Gregory M. Sleet denied as procedurally barred. *See Williams v. Snyder*, 2003 WL 22480168 (D. Del. Oct. 23, 2003). In 2005, Petitioner filed a second habeas petition which contained challenges to a violation of probation charge as well as challenges to his 1999 conviction for second degree rape. Judge Sleet denied the repetitive claims regarding his 1999 conviction as second or successive, and the other claims for lack of factual support. *See Williams v. Carroll*, 2006 WL 2949303 (D. Del. Oct. 17, 2006). Petitioner filed a third habeas petition in 2009, which was denied as second or successive on November 16, 2009. *See Williams v. Phelps*, Civ. A. No. 9-570-GMS, Order (D. Del. Nov. 16, 2009). In 2012, Petitioner filed his fourth petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 ("petition"), which was denied as second or successive on July 31, 2013. *See Williams v. Phelps*, Civ. A. No. 12-1647-GMS, Mem. & Order (D. Del. July 31, 2013). Petitioner's fifth petition for habeas relief, filed in 2014, was denied as second or successive on December 29, 2015. *See Williams v. Pierce*, Civ. A. No. 14-1065-GMS, Mem. & Order (D. Del. Dec. 29, 2017).

In addition to the aforementioned federal cases, Petitioner initiated numerous post-conviction proceedings in the Delaware state courts after his 1999 convictions. Most relevant for the purposes of this proceeding, in or around November 2017, Petitioner filed in the Delaware Superior Court a "Request for a Certificate of Eligibility to File Under 11 Del. C. § 4214(f) and Del. Super. Ct. Spec. R. 2017-1(d)" (hereinafter

2

referred to as "Request for Sentence Review"). (D.I. 3 at 4; D.I. 3-2 at 1-3); *see also State v. Williams*, I.D. No. 9803018202B, Order at 2 (Del. Super. Ct. June 8, 2018). In the Request for Sentence Review, Petitioner sought permission to file a petition seeking exercise of the Superior Court's jurisdiction to modify his sentence under the recently enacted 11 Del. C. § 4214(f).[2] *See Williams,* I.D. No. 9803018202B, Order at 2. The Superior Court denied the Request for Sentence Review on June 8, 2018. *See Williams,* I.D. No. 9803018202B, Order at 7. Additionally, in November 2017, Petitioner filed in the Superior Court a motion for credit for time-served, which the Superior Court denied on March 27, 2018. (D.I. 3 at 4) Petitioner's appeal is stayed in the Delaware Supreme Court. *Id.*

In June 2018, Petitioner filed the petition for habeas corpus relief ("Petition") presently pending before the Court. (D.I. 3)

## II. APPLICABLE STANDARDS

A federal district court may summarily dismiss a habeas petition "if it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief." Rules Governing Habeas Corpus Cases Under Section 2254, Rule 4, 28 U.S.C. foll. § 2254. A district court can entertain a habeas petition "in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States,"

---

[2]Section 4214(f) "permits a defendant sentenced as a habitual criminal before July 19, 2016 'to a minimum sentence of not less than the statutory maximum penalty for a violent felony pursuant to subsection (a) of this section' to petition the Superior Court for sentence modification after the defendant has 'served a sentence of incarceration equal to any applicable mandatory sentence otherwise required by this section or the statutes describing said offense . . . .'" *Williams,* I.D. No. 9803018202B, Order at 2.

3

and only if the relief sought is either immediate release or speedier release. 28 U.S.C. § 2254(a); see Preiser v. Rodriguez, 411 U.S. 475, 500 (1973), overruled on other grounds by Heck v. Humphrey, 512 U.S. 477, 482 (1994)). In turn, a petitioner is not entitled to federal habeas relief unless he has exhausted state remedies for his habeas claims by "fairly presenting" the substance of the claims to the state's highest court, either on direct appeal or in a post-conviction proceeding, and in a procedural manner permitting the state courts to consider the claims on the merits. See 28 U.S.C. § 2254(b)(1)(A); Duncan v. Henry, 513 U.S. 364, 365-66 (1995); Lambert v. Blackwell, 134 F.3d 506, 513 (3d Cir. 1997).

## III. DISCUSSION

Petitioner appears to assert the following Claims:[3] (1) the Superior Court erred in denying his request to reduce his discretionary sentences via the application of earned good-time credits and in denying his request to withdraw/reduce his escape sentence because the escape statute was repealed (D.I. 3 at 5); (2) the Delaware public defender assigned to his case provided ineffective assistance and/or operated under a conflict of interest by refusing to file a request for sentence modification/reduction based on the repealed escape statute issue (D.I. 3 at 7); (3) the Delaware public defender assigned to his case provided ineffective assistance and/or operated under a conflict of interest by filing the "wrong 4214" on his case (D.I. 3 at 8-9); (4) the Delaware public defender assigned to his case provided ineffective assistance and/or operated under a conflict of

---

[3]The Petition actually only identifies four specific claims for relief. However, based on Petitioner's statements in the paragraph concerning the timeliness of the petition, the Court discerns two additional separate claims being alleged – Claims Five and Six. (D.I. 3 at 13 ¶18)

4

interest by filing a response to the Superior Court with the wrong inmate's name on it (D.I. 3 at 10); (5) the Delaware Superior Court erred in denying his Request for Sentence Review; and (6) the public defender assigned to his case provided ineffective assistance during the Request for Sentence Review proceeding (D.I. 3 at 13-14).

Having reviewed the face of the instant Petition, the Court concludes that summary dismissal is appropriate. In Claim One, Petitioner challenges the Superior Court's denial of the motion for credit for time served that he filed on March 27, 2018. (D.I. 3 at 2 ¶9, 4 at ¶8(b), 5,11 ¶(d)(7), and 12 ¶¶13 & 15) Petitioner appears to argue that his conviction and/or sentence for escape should be withdrawn because the escape statute has been repealed, and also that his discretionary sentences should be reduced by applying his earned good-time credits. (D.I. 3 at 2 ¶9, 5,11 ¶(d)(7), and 12 ¶¶13 & 15) However, Petitioner admits that his appeal of the Superior Court's decision is currently stayed in the Delaware Supreme Court. *Id.* Based on Petitioner's assertion that his appeal has been stayed, the Court concludes that Petitioner has failed to exhaust state remedies for Claim One.

With respect to the Claims alleging ineffective assistance, it appears that Petitioner has not presented the issue of his public defender's performance to the Delaware state courts in a Rule 61 proceeding, which is the proper method for exhausting state remedies for ineffective assistance of counsel claims in Delaware.[4]

---

[4] The Court notes the possibility that Claims Two, Three, Four, and Six may also be interpreted as failing to assert issues cognizable on federal habeas review since the alleged ineffective assistance of counsel occurred in state post-conviction proceedings and not during Petitioner's criminal trial or appeal. *See Martinez v. Ryan*, 566 U.S. 1, 9 (2012) (Supreme Court explicitly refrained from recognizing or creating an automatic constitutional right to counsel in collateral proceedings); *see also Lambert*, 387 F.3d

5

*See Correa v. Phelps*, 2013 WL 1455358, at *2 (D. Del. Apr. 8, 2013); *Guy v. State*, 82 A.3d 710, 715 (Del. Nov. 27, 2013) (claim alleging ineffective assistance of trial counsel may not be raised on direct appeal). Consequently, the Court also concludes that Petitioner has failed to exhaust state remedies for Claims Two, Three, Four, and Six.

As a general rule, a district court must dismiss a federal habeas petition without prejudice if the petitioner is exhausting, or may still exhaust, his available state remedies without running afoul of 28 U.S.C. § 2244(d)(1)'s one-year limitations period. *See, e.g. Rhines v. Weber*, 544 U.S. 269, 273-76 (2005) (discussing the general rule as set forth in *Rose v. Lundy*, 455 U.S. 509 (1982) and the limited exception to it, which does not appear to apply here). The statements in the Petition demonstrate that Petitioner still has the opportunity to present unexhausted Claims One, Two, Three, Four, and Six to the Delaware Supreme Court before the expiration of § 2244(d)(1)'s one-year limitations period.[5] Consequently, the Court will deny the aforementioned Claims without prejudice.[6]

---

210, 247 (3d Cir. 2004) ("alleged errors in [state] collateral proceedings . . . are not a proper basis for habeas relief"). However, Delaware Superior Court Special Rule 2017-1(b) requires the movant in a Request for Sentence Review proceeding to be represented by an attorney from the Delaware Office of Defense Services (*i.e.*, Delaware public defender) or by a privately retained attorney. *See* Del. Super. Ct. Spec. R. 2017-1(b). Given Delaware's statutory requirement for representation during such a proceeding, the Court will refrain from addressing the cognizability question and, instead, will dismiss the ineffective assistance of counsel claims for being unexhausted.

[5]As a general rule, habeas petitions filed pursuant to 28 U.S.C. § 2254 must be filed within one year of the petitioner's judgment becoming final. *See* 28 U.S.C. § 2244(d)(1)(A). Considering that the case involving the alleged ineffective assistance is either stayed or was decided when the Superior Court denied Petitioner's request for a certificate of eligibility for sentence review in June 2018, it appears that Petitioner still has the opportunity to exhaust state remedies before the expiration of the one-year

The only remaining ground for relief is Claim Five, which challenges the Superior Court's June 8, 2018 denial of Petitioner's Request for Sentence Review. In his Request for Sentence Review proceeding, Petitioner asked the Superior Court to modify his habitual offender sentences under the newly enacted 11 Del. C. § 4214(f). After interpreting and applying Delaware precedent, the Superior Court concluded that Petitioner was not eligible for a sentence review under § 4214(f) because Petitioner "did not receive a minimum sentence of not less than the statutory maximum penalty for the violent felony." *See Williams*, I.D. No. 9803018202B, Order at 7.

It is well-established that "[s]tate courts are the ultimate expositors of state law,"[7] and claims based on errors of state law are not cognizable on habeas review. *Estelle v. McGuire*, 502 U.S. 62, 67-68 (1991). Additionally, the "federal role in reviewing an application for habeas corpus is limited to evaluating what occurred in the state or federal proceedings that actually led to the petitioner's conviction; what occurred in the

---

limitations period. However, Petitioner is responsible for determining the events that trigger and toll the limitations period.

[6]Pursuant to the "total exhaustion rule," a mixed habeas petition containing both exhausted and unexhausted claims must be dismissed without prejudice. *See Lambert*, 134 F.3d at 513. Before dismissing a mixed petition without prejudice, the Court typically provides the petitioner with an opportunity to withdraw the unexhausted claims and proceed with the exhausted claims. *See, e.g., Philhower v. Pierce*, 2017 WL 3275732, at *2 (D. Del. Aug. 1, 2017). Although the instant Petition is technically a mixed petition (Claim Five is procedurally defaulted, not unexhausted), as discussed in the body of the Memorandum Opinion, the Court is summarily dismissing Claim Five because it fails to assert an issue cognizable on federal habeas review. Given these circumstances, even if Petitioner opted to withdraw Claims One, Two, Three, Four, and Six, there would be no claim remaining in the Petition which would go forward. Therefore, there is no need to give Petitioner an opportunity to withdraw Claims One, Two, Three, Four, and Six.

[7]*Mullaney v. Wilbur*, 421 U.S. 684, 691 (1975).

petitioner's **collateral** proceeding does not enter into the habeas calculation." *Hassine v. Zimmerman*, 160 F.3d 941, 954 (3d Cir. 1998) (emphasis in original). Claim Five merely asserts an error of state law because it challenges the Superior Court's interpretation and application of Delaware state law without implicating the Constitution or laws or treaties of the United States. In turn, Petitioner's Request for Sentence Review was filed pursuant to Delaware Superior Court Rule 2017-1, which constitutes a collateral proceeding because such a request is presented as a motion for modification of sentence. *See* Del. Super. Ct. Spec. R. 2017-1(d)(1) ("An application under this rule shall be made by a petition for sentence modification.") For these reasons, the Court will dismiss Claim Five for failing to assert an issue cognizable on federal habeas review.

Accordingly, the Court will summarily dismiss the Petition in its entirety.

## IV. CONCLUSION

For the reasons set forth above, the Court will summarily dismiss the instant Petition, with Claims One, Two, Three, Four, and Six being dismissed without prejudice. The Court will also decline to issue a certificate of appealability because Petitioner has failed to make a "substantial showing of the denial of a constitutional right." *See* 28 U.S.C. § 2253(c)(2); 3d Cir. L.A.R. 22.2 (2011); *United States v. Eyer*, 113 F.3d 470 (3d Cir. 1997). A separate Order will be entered.